UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON WERRY,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-228-RLM-MGG

CATHI COLLINS,

    Defendants.

OPINION AND ORDER

Jason Werry, a prisoner without a lawyer, submitted an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Werry has another case pending in this court, Werry v. Fulton County Jail, No. 3:22-cv-334-JD-MGG (N.D. Ind. filed Apr. 21, 2022). He alleges that since he began that lawsuit Jail Commander Cathi Collins began treating him badly, explicitly because of the suit. He alleges that Commander Collins refused to let him order commissary because of the lawsuit. She stopped allowing him to see a Catholic priest, even though he had received two visits before the lawsuit. She refused to give

him the paperwork he needed to file for in forma pauperis status, and she wouldn't return the envelopes and stamps confiscated from him during a shakedown. He further alleges he was denied the opportunity to be a trustee or participate in classes based on the lawsuit he had filed. Mr. Werry alleges that Commander Collins specifically stated, "If you are going to do a lawsuit against us, why would we help you?" ECF 7 at 3.

"To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Douglas v. Reeves, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation marks and citation omitted). Filing a lawsuit about jail conditions is a protected First Amendment activity. Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012). It's plausible that Commander Collins's alleged acts because of the lawsuit "would likely deter a person of ordinary firmness from continuing to engage in protected activity." Surita v. Hyde, 665 F.3d 860, 878 (7th Cir. 2011). Thus, Mr. Werry has stated a plausible claim against Commander Collins for retaliating against him in violation of the First Amendment.

In addition to his allegation against Commander Collins, Mr. Werry includes a list of complaints about actions taken by another Fulton County Jail employee, Matthew Clark. These allegations were in an earlier filing from March 2022, predating the April 21 lawsuit, *see generally* ECF 1, and can't be construed as a First

Amendment retaliation claim, nor is there any basis to find that they are related to the claim against Commander Collins. Mr. Werry was told to include only related claims in this lawsuit. *See* ECF 2 at 1-2 ("Claims in a single lawsuit must be related, either because the same person is involved in each claim or because the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2)."). The court will dismiss Matthew Clark and the claims against him without prejudice without further consideration of the merits. *See* Manson v. W. Ill. Corr. Ctr., No. 21-2941, 2022 WL 4298559, at *1 (7th Cir. Sept. 19, 2022) (unpublished ) ("Judges have discretion in determining whether claims and parties are related for the purposes of joinder, and in solving misjoinder . . ..").

For these reasons, the court:

(1) DISMISSES Matthew Clark and the claims against him without prejudice under Federal Rule of Civil Procedure 21;

(2) GRANTS Jason Werry leave to proceed against Cathi Collins in her individual capacity for compensatory and punitive damages for retaliating against him for filing his April 2022 lawsuit in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Cathi Collins at the Fulton County Jail, with a copy of this order and the complaint (ECF 7);

(5) ORDERS the Fulton County Jail to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Cathi Collins to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 18, 2022

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT