UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON WERRY,

    Plaintiff,

    v.                          CAUSE NO. 3:22-CV-228-RLM-MGG

CATHI COLLINS,

    Defendant.

## OPINION AND ORDER

Jason Werry, a prisoner without a lawyer, is proceeding in this case "against Cathi Collins in her individual capacity for compensatory and punitive damages for retaliating against him for filing his April 2022 lawsuit in violation of the First Amendment[.]" ECF 11 at 3. Mr. Werry alleged that, after he filed a different lawsuit in April 2022, Ms. Collins began retaliating against him by preventing him from seeing a Catholic priest, refusing to let him order commissary, refusing to give him legal forms, and refusing to return envelopes and stamps that were confiscated during a shakedown. *Id.* at 1-2. Ms. Collins moved for summary judgment, arguing she did not retaliate against Mr. Werry. Mr. Werry moves the court for an extension of time to respond to the summary judgment motion, but the court concludes it can rule on Ms. Collins' summary judgment motion without a response from Mr. Werry.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears

the initial responsibility of informing the district court of the basis for its motion and identifying" the evidence that "demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A court ruling on a summary judgment motion must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). Summary judgment can't be granted if a reasonable factfinder could find for the nonmoving party. Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003).

Ms. Collins argues summary judgment is warranted in her favor because her requests for admission, which are deemed admitted because Mr. Werry didn't respond within 30 days, show she didn't retaliate against Mr. Werry. ECF 28 at 3-4. But Ms. Collins did not file any Requests for Admissions with the court. Ms. Collins was reminded in the scheduling order that the Local Rules require that all discovery be filed. ECF 19 at 1. Because Ms. Collins did not file these Requests for Admissions with the court, Mr. Werry had no obligation to respond and they are not deemed admitted.

Aside from the Requests for Admission, Ms. Collins provides only one other substantive piece of evidence in support of her summary judgment motion: her oown affidavit. ECF 27-3. But her attestations are insufficient to show summary judgment is warranted. Ms. Collins attests that Mr. Werry was visited by a Catholic priest on March 28, 2022, and April 12, 2022. *Id.* at 2. But these visits were *before* Ms. Collins is alleged to have begun retaliating against Mr. Werry. *See* ECF 7 at 2 (complaining

that Ms. Collins stopped approving him to see a priest after he filed suit on April 21, 2022). Ms. Collins also attests that jail staff didn't prevent Mr. Werry from using the law library kiosk or possessing stamps or envelopes. ECF 27-3 at 1. But these attestations don't refute Mr. Werry's claim that Ms. Collins retaliated against him by confiscating his envelopes and stamps, withholding legal paperwork, and refusing to let him order from commissary. Ms. Collins' affidavit doesn't demonstrate the absence of a genuine issue of material fact.

Accordingly, even without a response from Mr. Werry, it's clear from the record that Ms. Collins has not met her burden to show summary judgment is warranted in her favor. Her motion for summary judgment must be denied. *See* Kreg Therapeutics, Inc. v. VitalGo, Inc., 919 F.3d 405, 415 (7th Cir. 2019) ("[W]hen a movant fails to meet its initial summary-judgment burden, the burden does not shift to the nonmovant and the motion should be denied[.]").

For these reasons, the court DENIES Cathi Collins' motion for summary judgment (ECF 27) and DENIES AS MOOT Jason Werry's motion for an extension of time to respond to the summary judgment motion (ECF 31).

SO ORDERED.

Dated:  July 31, 2023

                                              /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court