UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON WERRY,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-228-TLS

CATHI COLLINS,

    Defendant.

## OPINION AND ORDER

Jason Werry, a prisoner without a lawyer, is proceeding in this case against Cathi Collins, the Jail Commander of the Fulton County Jail, "in her individual capacity for compensatory and punitive damages for retaliating against him for filing his April 2022 lawsuit in violation of the First Amendment[.]" ECF No. 11 at 3. Specifically, Mr. Werry alleged in his Amended Complaint that, after he filed a different lawsuit in April 2022, Jail Commander Collins began retaliating against him by preventing him from seeing a Catholic priest, refusing to let him order commissary, refusing to give him legal forms, and refusing to return envelopes and stamps that were confiscated during a shakedown. *Id.* at 1–2. This matter is before the Court on the Defendant Jail Commander Collins' Motion for Summary Judgment [ECF No. 54], filed on March 5, 2024, in which she requests that the Court grant summary judgment in her favor on the Plaintiff's claims.[1]

Pursuant to Northern District of Indiana Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a

---

[1] With the instant motion, Jail Commander Collins provided Mr. Werry the notice required by Northern District of Indiana Local Rule 56-1(a)(4). *See* ECF No. 57. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. *See id.*

response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. *See* N.D. Ind. L.R. 56-1(b). This deadline passed over six months ago, but Mr. Werry has not responded. Therefore, this matter is ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

An allegation of First Amendment retaliation, such as the allegation here, requires the plaintiff to show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (cleaned up).

In this case, Jail Commander Collins provides an affidavit, in which she attests that—during the time Mr. Werry was held in the Fulton County Jail—he was never prevented from using the law library kiosk, seeing a priest, ordering items from commissary, or possessing stamps or envelopes. Def. Ex. 3, ECF No. 54-3. Because Mr. Werry did not respond to Jail Commander Collins' summary judgment motion, the Court accepts these attestations as

undisputed. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Jail Commander Collins also provides her Amended First Requests for Admission, which became Mr. Werry's admissions because he never responded to her discovery requests. Def. Ex. 2, pp. 14–16, ECF No. 54-2. Specifically, on August 24, 2023, Jail Commander Collins filed Amended First Requests for Admission with the Court, which she also served upon Mr. Werry on the same day. ECF No. 42. On November 3, 2023, the Court sent Mr. Werry a copy of Jail Commander Collins' Amended First Requests for Admission and extended the deadline for him to respond until December 4, 2023. ECF No. 52. Because Mr. Werry never responded to Jail Commander Collins' Amended First Requests for Admission, they became his admissions pursuant to Federal Rule of Civil Procedure 36(a). *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"); *see also Kalis v. Colgate-Palmolive*, 231 F.3d 1049, 1059 (7th Cir. 2000) ("Ms. Kalis failed to respond to the[] requests, and, therefore, according to Rule 36, they were deemed admitted."). Those admissions establish that, while at the Fulton County Jail, Mr. Werry: (1) was allowed to see a priest at any time he requested; (2) was allowed to obtain items from the commissary at any time he requested; (3) was provided with envelopes and stamps at any time he requested; (4) was not refused any requests for legal aid or law books; and (5) did not have his constitutional rights violated by jail staff. *See* Def. Ex. 2, pp. 14–16, ECF No. 54-2.

Here, based on the undisputed facts in the record, including Jail Commander Collins' attestations and the Amended First Requests for Admission—which are deemed admitted by Mr.

3

Werry, summary judgment is warranted in favor of Jail Commander Collins. Specifically, this is because it is undisputed that Mr. Werry was not prevented from seeing a priest, obtaining items from commissary, using the law library kiosk, or possessing stamps or envelopes, there is no evidence that he suffered any deprivation at the Fulton County Jail that would likely deter First Amendment activity in the future. *See Gomez*, 680 F.3d at 866. Accordingly, because there is no genuine dispute as to any material fact that Jail Commander Collins took any retaliatory act against Mr. Werry in violation of his First Amendment rights, summary judgment is warranted in her favor.

For these reasons, the Court hereby:

(1) GRANTS Defendant Collins' Motion for Summary Judgment [ECF No. 54];

(2) DIRECTS the Clerk of Court to enter judgment in favor of Defendant Cathi Collins and against Plaintiff Jason Werry and to close this case. The Plaintiff takes nothing by his Amended Complaint; and

(3) DENIES as moot the Supplemental Motion for Summary Judgment [ECF No. 60] requesting that the Motion for Summary Judgment be summarily ruled on.

SO ORDERED on November 15, 2024.

                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT